Case for argument is United States v. Gold. Ms. Lewis. Good morning, Your Honors. I'm pleased to report my name is Brooke L. Lewis, and I represent Mr. Alan Gold, appellant. We request this court remand this case for a full resentencing hearing, including an evidentiary hearing on the merits and the specific loss amount as set forth in our brief. First, there, I believe, is an issue regarding a disagreement between myself and the AUSA on the case regarding the de novo v. clear error standard. I do believe that whether a district court followed a proper sentencing procedure is a legal question to be reviewed de novo. I think in this matter, if you review the sentencing transcript, it didn't ever come to the merits of the factual underpinnings of the sentencing, of the loss amount. In a procedural challenge to the sentence, the court analyzes whether the sentencing judge properly calculates the guideline range, recognizes the guideline range wasn't mandatory, considers the factors under section 3553A, selected a sentence based on facts that weren't clearly erroneous, and explains the sentence adequately. The government argues in this matter that the standard is a clear error for findings of fact. But in this case, there's no evidence other than the spreadsheet that was attached to the PSR. There's no testimony. There's no cross-examination as to the compilation of the spreadsheet, where the data came from. Did the defense ever ask to question the agent who put together the spreadsheet? Sort of, Your Honor. When did? In the sentencing transcript, if you read through it, in the original sentencing documents, in the sentencing memorandums, the defendant did object to the loss amount in a very general fashion. Correct. At the sentencing hearing, the judge actually, on her own, stated, perhaps we should have the agent come and you can cross-examine the agent, and then before there was really much discussion on that, the conversation turned, and then the judge just decided to go with the PSR. Based on the fact that you had not provided really any substance to the objection. Correct. However, we did state at the client and the attorney, both stated to the court, that there was evidence that they could provide and that they did want to bring that evidence. And where was it? I don't have an answer to that, Your Honor. Look, I've read the transcript, and it shows a district judge who is more than willing to consider what you all have to say, but who is frustrated by the lack of specific explanations. Sentencing had been delayed numerous times. Victims were in the courtroom exercising their rights to participate and be heard, and the vague objection just looks like a delaying tactic. I agree that it can look that way. However, I believe that the client had that information and that the lawyer had not yet provided it. He presumably had had it for months, correct? This is a very simple embezzlement calculation, right? I wouldn't necessarily say that it's simple. It's a way to calculate it. But there were records based on the bank accounts. However, there was never an opportunity to cross-examine the agent or to go through the specifics. I know. When did you ask for it? During the sentencing transcript. Where? Can you point me? That was the conversation that the judge actually brought it up to Esponte. I don't see the defense saying, we want to examine the agent. That is true. Thank you. However, they did agree with the judge when the judge stated, perhaps you should examine the agent. And they did agree with the judge at that point. However, the conversation didn't take place in a straightforward, logical manner during the sentencing transcript. I presume that defense counsel is able to stand up and make arguments, right? Presumably. And the spreadsheet included loss amounts for individual victims, correct? Correct. Including some of those who testified at the hearing. They did not testify, but spoke at the hearing. And you all had the opportunity to question them if you wanted to, correct? I believe so, yes. So I understand why you might not want to choose to do that. But that would seem to be another missed opportunity to raise the issue in the district court that you're raising on appeal. I believe that the attorney said that they could get that information, but they didn't have it present at the time in order to cross-examine those victims. Notwithstanding the fact that there's a certain personal value in not going after victims who have lost money, and that was never disputed. Absolutely. But that's a strategic choice you have to make, and now you're trying to make an argument to us to take advantage of the choice that you made. Not necessarily, Your Honor. What we want is to be able to cross-examine the agent as to how they came about with those specific numbers and how they verified those numbers with the various victims. Did the defense ever offer its own calculation? Not that I'm aware of, Your Honor. Thank you. As far as the standard of review goes, again, I believe that this is a de novo calculation because they did not follow proper sentencing procedure in the case that the government relies on, United States v. Latrice. In that case, there was significant evidence that was presented to the jury at the trial. The jury found guilty and found very specific factual findings. The court weighed the evidence presented at the trial, the jury findings, as well as significant additional evidence at the sentencing hearing regarding the government methodology, how they selected specific tax returns to determine how to calculate that loss amount. Again, in this case, the only thing that was provided was that spreadsheet. There was no testimony regarding the government methodology. There was no testimony and no ability to cross-examine that agent. Again, Your Honor, you said you read the sentencing transcript, where it's clear at multiple points that the court, while frustrated with Mr. Gold and his counsel for failure to provide those sentencing calculations on their own behalf, was also frustrated with the government for their failure to provide more than just a simple spreadsheet. I believe that it is procedural error to fail to apply that proper sentencing procedure in analyzing the facts given by the government as well as allowing the defendant a chance to present his own evidence in his test. When was the defendant prevented from presenting his own evidence? I don't understand the question. You just said the district court erred by failing to allow the defendant to present his own evidence. Yes, Your Honor. When did that happen? The counsel and the defendant both stated that they would like to take an opportunity to get that information and bring it to the court. How many times? This was the sentencing hearing, correct? Yes, Your Honor. And it had been continued at the defendant's request how many times? I believe once, but I'm not sure on that, Your Honor. It could have been more than that. I fully agree. Why weren't they ready for the sentencing hearing? I don't have an answer for that, Your Honor. Thank you. I believe that they had that information available and had not been able to bring it to the court. So the district judge did not prevent the presentation of evidence, was ready to hear it, and the defense didn't have it. The defense did not have its own evidence in opposition to the government's chart. However, they were not allowed to cross-examine the agent and were not allowed to take a brief. We're going over the same ground again. Correct. Secondarily, the district court, also a procedural error, failed to consider the need to provide restitution to the victims. That's ridiculous. He's not going to make restitution to the victims. The district judge doesn't have to belabor the obvious. There was no plan presented, not even a credible suggestion as to how he might pay restitution, and the district judge simply acknowledged that. Isn't that right? I don't believe that there was a plan presented, but the fact that it was, that there was significant argument made that he was in poor health and that the victims were generally older and mostly retired, one of which actually I believe died during the pendency of the case, in order to be able to get them to the point where they had the opportunity to get restitution. He's not going to have any money to give them restitution. How is he going to make money? No one would deal with him anymore. I don't know whether people will deal with him anymore. Of course they won't, unless he defrauds them again and ends up spending the rest of his life in prison, where he probably belongs. He could have been given this or a longer sentence without any numbers, just on the basis of the testimony of these witnesses. Yes, Your Honor, he was sentenced right in the middle of the guideline range. However, his guideline range, had he been able to- I think the sentence was entirely appropriate. You just read the evidence of these witnesses, which was not contradicted. Your Honor, the defendant never- He's a little Madoff. That's what he is. Madoff gets life. This guy gets, what, six and a half years or something. The defendant never actually disputed the fact that he defrauded the individuals. Even from the moment that- Yeah, he's a thorough crook. He's a complete crook. However, he did want to be able to- He will never be able to provide restitution, because no one will ever give him money again. Unless he repeats his frauds, changes his name, grows a mustache, something like that. As to the sentencing based on the loss amount, however, he did wish to be- No, he should seize the opportunity to quit. Thank you, Your Honors. Okay, thank you, Ms. Lewis. Mr. Harjani? Good morning, Your Honors. May it please the Court, Sunil Harjani for the United States. Your Honor, with respect to the loss calculation, the district court did not commit clear error in calculating the loss. This was an objection to the PSR's guideline calculation. It is not true that the court only had the spreadsheet as defense counsel suggests. The court had the PSR, which identified all of the 14 victims and the specific amount of money that each of them lost to the penny. The court had the government's version, which also did the same thing. May I add that no defendant's version was filed to the probation office. The court then had the supplemental PSR, which had the government's summary chart, which calculated all money in and money out during that period of time of the scheme, which was about six or seven years, and identified specifically how much the victims got, how much they paid, how much they got back, which had elements of a Ponzi scheme, and how much they lost. Based on that, including the fact that there were six victims in the courtroom that day who spoke to the judge, and in total with their family and friends who they invested, they represented about $1.7 million of loss. The folks in the courtroom? Yes. There were six victims who talked. One family member sometimes spoke for the son or the daughter or the parent. In one case, the woman was 97 years old when she invested. She died at 100, so she was not around to talk, so her daughter spoke for her. So in that respect, those victims talked about how they represented themselves but also other family and friends. All of those people were identified in the PSR, in the government's version, and in the summary chart, and all of them totaled about $1.7 million. The defense did not take that opportunity at any point in time to try and dispute the loss amount with any specific evidence. As one of your honors noted, this was not a complicated case. There were only about 13 or 14 victims. We used the defendant's own bank records. These were the defendant's clients for the last 30 years, so he knew all of them, and they all identified him in the courtroom. So it was a simple calculation to determine how much money he stole from them, and the defendant could not even do that simple calculation and present anything to the district court. As your honors saw in the sentencing memorandum, the district court was clearly frustrated, asking specifically, tell me at least one victim that you would challenge to bring this level down below the $1.5 million, and on four occasions, the defendant could not do that. One of your honors asked about the continuance for the sentencing hearing. In fact, five sentencing dates were set, so it was continued four times, one of which was actually made by the defendant, who wrote a motion saying, I need more time to object to the PSR and do an investigation. Can we continue the sentencing date? Even after all of that, the defendant still showed up at sentencing and could not provide one specific piece of evidence. As one of your honors asked about the questioning of the agent, there was no request by the defense to question the agent. You may be preaching to the choir, you know. Pardon? You may be preaching to the choir. I understand, your honor, and I will finish up very quickly in answering Judge Hamilton's question, which was there was no specific request for the sentencing. So under those circumstances, excuse me, no specific request to call the agent at the sentencing hearing. So for those reasons, your honor, we rest on our brief. If there are no more further questions, I ask you to affirm the sentence below. Thank you. Thank you, Mr. Harjani. And Ms. Lewis, do you have anything further? You must afford us further questions on this one. Okay. Well, thank you very much, both of you.